IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,391 






EX PARTE RICKY MARTIN, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. A-27,714 IN THE 70th JUDICIAL DISTRICT COURT

ECTOR COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of two counts of possession of cocaine, and punishment was assessed at twenty years
imprisonment on one count, and ten years imprisonment on the other count. Applicant's
appeal was dismissed for want of jurisdiction. Martin v. State, No. 08-00-00527-CR (Tex.
App.-El Paso, delivered February 15, 2001, no pet.).

 Applicant contends that he was denied his right to appeal. The trial court has entered
findings of fact and conclusions of law, based upon counsel's affidavit, recommending that
Applicant be granted an out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04
(j) (2), requires appointed counsel to "represent the defendant until charges are dismissed,
the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties or
replaced by other counsel". The duty to perfect an appeal attaches whether counsel is
appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). 
Knowing that Applicant wanted to appeal, counsel had the duty to timely file a motion for
new trial or give timely notice of appeal, unless relieved by the trial court or replaced by
other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number A-27,714 from the 70th District Court of Ector County. The
proper remedy in a case such as this is to return Applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the conviction had been entered on the day that the mandate of this
Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take
affirmative steps to see that notice of appeal is given within thirty days after the mandate of
this Court has issued.


DO NOT PUBLISH

DELIVERED: May 3, 2006